Dear Mr. Riser:
You advise this office that you serve as a deputy sheriff for the Richland Parish Sheriff's Office. You ask if the Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq., prohibits you from "working as a law enforcement liaison officer contracted with the Louisiana Highway Safety Commission".
The position of deputy sheriff is considered an appointive office under R.S. 42:62(2) because it is an "office in any branch of government. . .which is specifically established or specifically authorized by the. . .laws of this state. . .and which is filled by appointment. . .by an elected. . .public official." The sheriff is an elected public official. See LSA-Const. Article V Section 27 (1974). Further, the position of deputy sheriff is specifically provided or authorized by law, as R.S.33:1433.[1]
R.S. 36:409[2] places the Louisiana Highway Safety Commission within the Department of Public Safety and Corrections, which is an executive branch *Page 2 
agency pursuant to R.S. 36:4.[3] The Commission "may employ and fix the compensation of such employees as it finds necessary for its purposes".See R.S. 48:1357(6). Thus, personnel employed by the Commission are employed by an executive branch agency and considered state employees under the dual officeholding provisions. See R.S. 42:62(6).[4]
Within the dual officeholding prohibitions, of potential concern in the instant matter is R.S. 42:63(E), which states:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana in the government of a political subdivision thereof, or in a combination of these.
You work thirty-six (36) hours per week as a deputy sheriff, and for this reason the position is considered full-time.[5] However, you will work for the Commission for twenty-six (26) hours per week, and if the position with the Commission is one of employment[6] as defined by statute, the position would be considered part-time.[7] *Page 3 
R.S. 42:63(E) only prohibits the holding of two full-time positions; because one position is held on a part-time basis, the prohibition is inapplicable here.
If your proposed position with the Louisiana Highway Safety Commissionis one of contract rather than employment, note this office has rendered numerous opinions that conclude the dual officeholding statutes have no application where an individual enters into a professional services contract, as such a contract is not considered to be a job compensated on a salary or per diem basis, and does not constitute employment within the dual officeholding definition. "An independent contractor, as opposed to a servant (employee), usually contracts to do a specific amount of work according to his own methods. . . ." See Opinion 80-413, and Opinions 02-342, 96-359, 95-391, 92-43 and 90-578.
A deputy sheriff serves at the pleasure of the sheriff. Please be advised that you may accept a position with the Commission, performing those responsibilities in your off-duty time, if the sheriff so permits.
Finally, the opinion of this office is limited to an examination of the dual officeholding provisions, as discussed. Because questions under the Code of Governmental Ethics may be raised by your situation, we direct you to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone: 225-763-8777, for a further advisory opinion concerning the potential application of that law, R.S. 42:1111,et seq., to your circumstances.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 33:1433(A)(1) states:
A. (1) The sheriff of each parish and the civil and criminal sheriffs of the parish of Orleans may appoint as many deputies as necessary, but not more than authorized by law.
(2) In all parishes except the parish of Orleans, the deputies shall, before entering on their duties, take the oath of office. The appointment and oath must be entered on the records of the court.
[2] R.S. 36:409(B) states:
§ 409. Transfer of agencies to Department of Public Safety and Corrections
B. The Louisiana Highway Safety Commission (R.S. 48:1351-48:1357) is transferred to the Department of Public Safety and Corrections and hereafter shall perform and exercise its powers, duties, functions, and responsibilities as provided in R.S. 36:801.
[3] R.S. 36:4 provides for the structure of the executive branch of state government and states that ". . . .all offices, boards, commissions, agencies, and instrumentalities of the executive branch of state government. . . . .shall be allocated. . . .within the following designated departments. . ." and in section (A)(8) includes the Department of Public Safety and Corrections.
[4] R.S. 42:62(6) states:
(6) The executive branch of state government includes the following named officers and all other officers, agents, employees, or other persons holding or exercising an employment with them, namely, the governor; lieutenant governor; secretary of state; attorney general; treasurer; commissioner of agriculture; commissioner of insurance; superintendent of education; members of the State Civil Service Commission, the Public Service Commission, the Board of Regents, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, the State Board of Elementary and Secondary Education, the Board of Trustees for State Colleges and Universities, and the State Bond Commission. The executive branch shall also include the officers, members, agents, and employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation.
[5] R.S. 42:62(4) states:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
[6] R.S. 42:62(3) states:
"Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
[7] R.S. 42:62 (5) states:
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.